**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1711

CAROL WILLIAMS,

             Plaintiff - Appellant,

      v.

PRINCE WILLIAM COUNTY, VIRGINIA,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:14-cv-01247-CMH-IDD)

Submitted: March 22, 2016          Decided: April 14, 2016

Before WILKINSON, GREGORY, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Victor M. Glasberg, Maxwelle C. Sokol, VICTOR M. GLASBERG & ASSOCIATES, Alexandria, Virginia, for Appellant. Michelle R. Robl, County Attorney, Megan E. Kelly, Senior Assistant County Attorney, Jeffrey R.B. Notz, Assistant County Attorney, Prince William, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carol Williams brought this action against her employer, Prince William County, Virginia, alleging she was sexually harassed and discriminated and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012). Challenging only the district court's dismissal of her retaliation claim, Williams asserts that the district court erred when it determined she failed to state an adverse employment action because the court applied the wrong standard for assessing adverse employment action in the context of a retaliation claim. We agree.

We review de novo the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Coleman v. Maryland Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010). When ruling on such a motion, we "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, "plaintiffs may proceed into the litigation process only when their complaints are justified by both law and fact." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Thus, to survive a motion to dismiss, the complaint must only "state[] a plausible claim for relief" that

2

"permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Wag More Dogs, LLC v. Cozart, 680 F.3d 359, 365 (4th Cir. 2012) ("At bottom, a plaintiff must nudge [her] claims across the line from conceivable to plausible to resist dismissal." (alteration and internal quotation marks omitted)).

Title VII prohibits an employer from "discriminat[ing] against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]."  42 U.S.C. § 2000e-3(a) (2012).  Because Williams presented no direct evidence of retaliation, the district court properly analyzed her retaliation claim under the burden-shifting paradigm set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  Under this framework, a plaintiff establishes a prima facie case of retaliation by demonstrating "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action."  Coleman, 626 F.3d at 190.

However, we conclude that the district court applied too stringent a standard for determining what constitutes an adverse employment action for purposes of stating a Title VII retaliation claim.  The district court found that Williams failed to state an adverse employment action to establish her

3

retaliation claim for the same reasons she failed to state an adverse employment action to establish her substantive discrimination claim. However, unlike a substantive discrimination claim, the adverse action component of Title VII's antiretaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 64 (2006). Instead, the adverse action component of Title VII's antiretaliation provision can be satisfied by showing that the employer took "materially adverse" action in response to an employee engaging in a protected activity, "which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (internal quotation marks and citations omitted).

In the context of job reassignment allegations, as in this case, the Supreme Court has stated that, although a job reassignment is "not automatically actionable," it may be "materially adverse depend[ing] upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Id. at 71 (internal quotations marks and citations omitted). While changes to the terms, conditions, or benefits of the plaintiff's employment are factors to be considered when evaluating "all the circumstances," the lack of

4

such changes is not dispositive on the adverse action component of a retaliation claim.  See id. at 64, 71; see also Lettieri v. Equant Inc., 478 F.3d 640, 650 n.2 (4th Cir. 2007) (noting that the Supreme Court's decision in Burlington Northern broadened the Fourth Circuit's adverse employment action standard to consider injuries and harms beyond the terms and conditions of employment).  Therefore, all circumstances indicating that an action was harmful and materially adverse to the employee should be considered.  Given Williams' allegations about the unfavorable circumstances she experienced after she filed her EEO complaint, we conclude that it was error for the district court to summarily dispose of Williams' retaliation claim for the same reasons it disposed of Williams' discrimination claim.

We also conclude that it was error for the district court to analyze only whether Williams' transfer constituted an adverse employment action.  Namely, it is undisputed that Williams was informed of her transfer before she filed her first EEO complaint.  Thus, Williams' transfer could not have been in retaliation for her EEO complaints.  Contrary to the district court's limitation, however, Williams' complaint alleged several additional actions that occurred after her transfer, and which could be construed as adverse employment actions.

In particular, Williams alleged that she was denied a deserved pay increase, had her office and equipment taken away

or limited, and was excluded from meetings and given unattainable goals in her performance evaluation. It is at least plausible that such actions would have dissuaded a reasonable employee from making or supporting a charge of discrimination. See Burlington N., 548 U.S. at 68.

Accordingly, we vacate the district court's order to the extent it dismissed Williams' retaliation claim because she failed to sufficiently allege an actionable adverse employment action, and we remand to the district court for further proceedings.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

* By this disposition, we indicate no view as to the merits of Williams' retaliation claim.

6